1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11                                    )
   OLIVER MATTHEWS,                   )          CV F- 03-5649 AWI DLB P
12                                    )
                    Plaintiff,        )          ORDER DISMISSING COMPLAINT
13                                    )          WITH LEAVE TO AMEND
         v.                           )
14                                    )
   ALLEN, et al.,                     )
15                                    )
                    Defendants.       )
16   _____)

17

18
         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action
19
   pursuant to 42 U.S.C. section 1983.  Pending before the Court is the complaint, filed May 20, 2003.
20
         The Court is required to screen complaints brought by prisoners seeking relief against a
21
   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
22
   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
23
   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
24
   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28
25
   U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
26
   may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
27
   Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).
28

1    Plaintiff names Appeals Coordinator Allen, T. Lewis, Captain Bollinger, Lieutenant Mills,

2   Warden Cramer and Officers Meyers and Hickey as defendants.  Plaintiff alleges that on November

3   16, 2002, he was improperly placed in administrative segregation in violation of his due process

4   rights.  He alleges he appealed his placement in administrative segregation and the appeal was also

5   improperly handled.  He further contends that on February 5, 2003, he wrote a confidential letter to

6   Warden Cramer but defendant Meyers refused to accept the letter.  Plaintiff states that later that day,

7   he gave the letter to defendant Hickey.  Plaintiff contends that on February 18, 2003, he received the

8   letter back, opened.  Plaintiff seeks monetary damages against all defendants.

9        A..     Placement and Retention in Ad-Seg

10    Plaintiff alleges that his due process rights have been violated in conjunction with his

11   placement and retention in Ad-Seg.  The Due Process Clause protects prisoners from being deprived

12   of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to

13   state a cause of action for deprivation of procedural due process, a plaintiff must first establish the

14   existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the

15   Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The

16   Due Process Clause itself does not confer on inmates a liberty interest in being confined in the

17   general prison population instead of administrative segregation.  See Hewitt, 459 U.S. at 466-68.

18   With respect to liberty interests arising from state law, the existence of a liberty interest created by

19   prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515

20   U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from

21   restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary

22   incidents of prison life."  Id. at 484.

23    Plaintiff is not entitled to procedural due process protections in a vacuum.  In order to be

24   entitled under federal law to any procedural due process protections, plaintiff must first have a liberty

25   interest at stake.  Plaintiff has alleged no facts that establish the existence of a liberty interest in

26   remaining free from Ad-Seg.  Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)

27   (convicted inmate's due process claim fails because he has no liberty interest in freedom from state

28

1    action taken within sentence imposed and administrative segregation falls within the terms of

2    confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213

3    F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of

4    confinement normally expected by inmates in relation to ordinary incidents of prison life and,

5    therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU)

6    (quotations omitted).  Because plaintiff has not established the existence of a liberty interest in

7    remaining free from Ad-Seg, plaintiff may not pursue a claim for relief under section 1983 for

8    deprivation of procedural due process.

9        Further, even if plaintiff had a liberty interest in remaining free from Ad-Seg, plaintiff has

10    alleged no facts that support his claim he was deprived of the procedural due process protections he

11    was due.  Plaintiff was informed of the reasons for his placement in Ad-Seg via the CDC-114 form,

12    and plaintiff was provided with periodic reviews following his placement in Ad-Seg.  Thus, plaintiff

13    received all the notice he was due regarding his placement in Ad-Seg, and all the process he was due

14    regarding his retention in Ad-Seg.  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).

15    Due Process does not require that plaintiff be provided with "detailed written notice of charges . . ."

16    or "a written decision describing the reasons for placing the prisoner in administrative segregation,"

17    and "due process does not require the disclosure of the identity of any person providing information

18    leading to the placement of a prisoner in administrative segregation."  Id.

19        In summary, because plaintiff does not have a liberty interest in remaining free from Ad-Seg,

20    plaintiff was not entitled to any procedural due process protections, and may not, therefore, pursue a

21    claim for relief for deprivation of procedural due process.  Further, even if plaintiff did have a liberty

22    interest in remaining free from Ad-Seg, plaintiff was provided with all of the process he was entitled

23    to under federal law.  That defendants may have failed to comply with state regulations is not

24    grounds for relief under section 1983 for deprivation of due process.  Plaintiff is entitled to very

25    limited due process protections under federal law with respect to placement in Ad-Seg.  See

26    Toussaint, 801 F.2d at 1100-01.  Plaintiff's allegations and exhibits establish that the procedural

27    process plaintiff received was all that plaintiff was due under federal law.  (Amend. Comp., p. 5-9 at

28

1    ¶ 12, 18, 20, 22, 25; Exhibit B, p. 11-12.).

2         Plaintiff is also advised that "[A prison] grievance procedure is a procedural right only, it

3    does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th

4    Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v.

5    Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

6    entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)

7    (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d

8    639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the

9    procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F.

10   Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing

11   prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.

12   Buckley, 997 F.2d at 495.

13        Defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims

14   for relief under section 1983.

15        B. Defendants Cramer and Bollinger

16        Further, with regard to defendants Cramer and Bollinger, plaintiff is advised that supervisory

17   personnel are generally not liable under section 1983 for the actions of their employees under a

18   theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position,

19   the causal link between him and the claimed constitutional violation must be specifically alleged.

20   See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th

21   Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on

22   a theory of supervisory liability, plaintiff must allege some facts that would support a claim that

23   supervisory defendants either: personally participated in the alleged deprivation of constitutional

24   rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a

25   policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

26   force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal

27   citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading

28

1   standards are broad, some facts must be alleged to support claims under section 1983.  See

2   Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

3        Plaintiff has not alleged any facts indicating that defendants Cramer or Bollinger personally

4   participated in the alleged deprivation of constitutional rights; knew of the violations and failed to

5   act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

6   repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

7   Hansen v. Black at 646.

8        C. Defendants Allen, Lewis and Bollinger

9        Plaintiff has also failed to link defendants Allen, Lewis and Bollinger to any of the

10   complained actions.  The Civil Rights Act under which this action was filed provides:

11           Every person who, under color of [state law] . . . subjects, or causes to

12           be subjected, any citizen of the United States . . . to the deprivation of

13           any rights, privileges, or immunities secured by the Constitution . . .

14           shall be liable to the party injured in an action at law, suit in equity, or

15           other proper proceeding for redress.

16

17   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

18   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell

19   v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

20   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

21   within the meaning of section 1983, if he does an affirmative act, participates in another's

22   affirmative acts or omits to perform an act which he is legally required to do that causes the

23   deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In

24   order to state a claim for relief under section 1983, plaintiff must link each named defendant with

25   some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Because

26   plaintiff has failed to link defendants Allen, Lewis or Bollinger with some affirmative act or

27   omission, plaintiff fails to state cognizable clams against these defendants.

28

D.    Defendants Myers and Hickey.

Finally, plaintiff alleges defendant Myers refused to accept a letter to mail to Warden Cramer. However, plaintiff states that later the same day defendant Hickey accepted the letter.  Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  Plaintiff has not alleged sufficient facts to state a claim for violation of his First Amendment rights.  While he alleges Myers refused to accept the letter, he also admits that defendant Hickey later accepted the letter for mailing.  Plaintiff alleges that he received the letter back a few days later but he does not explain why he believes defendants Myers or Hickey are responsible for the return of the letter.  He therefore fails to state a claim against defendant Myers and Hickey.

C.    Conclusion

In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2         1.  Plaintiff's complaint is dismissed; and

3         2.  Plaintiff is granted thirty days from the date of service of this order to file an

4    amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

5    Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

6    number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original

7    and two copies of the amended complaint; failure to file an amended complaint in accordance with

8    this order will result in dismissal of this action.

9

10    IT IS SO ORDERED.

11    **Dated:    April 6, 2006**                    _____**/s/ Dennis L. Beck**_____
      3b142a                                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28